Sean K. McElenney, #016987
Rachel E. Phillips, #029630
BRYAN CAVE LLP, #00145700
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
skmcelenney@bryancave.com
rachel.phillips@bryancave.com

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Foster and Tina Temper, married individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>Ocwen Loan Servicing, L.L.C., a limited liability company, and DOES 1-10, inclusive,<br><br>Defendants. | No. 2:17-cv-01908-JZB<br><br>**MOTION TO DISMISS**<br><br>(Hon. Diane J. Humetawa) |

Plaintiffs Richard Foster and Tina Temper ("Plaintiffs") file this action seeking, among other things, to reform and/or rescind a promissory note they signed in February 2007. The complaint fails to state a claim on which relief can be granted for any cause of action. Most of the claims asserted in the complaint relate to the origination of the loan agreement, and are time barred by various statutes of limitations. With respect to the remaining causes of action, Plaintiffs do not plead sufficient facts to support the conclusory allegations set forth in the complaint. Accordingly, Defendant Ocwen Loan

815822.2\0558551

Servicing, L.L.C. ("Ocwen") moves to dismiss, with prejudice, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).[1]

Additionally, Plaintiffs have failed to serve Ocwen with a summons in this matter.[2] Ocwen therefore moves to dismiss based on Federal Rule of Civil Procedure ("FRCP") 12(b)(5).

This Motion is supported by the following Memorandum of Points and Authorities, and the entire record before the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    FACTUAL BACKGROUND.**

1. On or about February 26, 2007, Plaintiffs executed a promissory note ("Note") evidencing a loan they received in the original principal amount of $408,000.00 ("Loan"), with all payment and performance obligations thereunder secured by a senior lien interest in real property located 16077 West Yucatan Drive, Surprise, AZ 85379 ("Property") pursuant to that certain Deed of Trust executed by Plaintiffs and recorded in the Maricopa County Recorder's Office on March 5, 2007, at Document No. 2007-0264424 ("Deed of Trust").[3]

2. On or about February 17, 2009, Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2007-1 accepted

---

[1] Given the statute of limitations and other pleading issues, Ocwen requests that the Court dismiss with prejudice, without leave to amend, as any amendment would be futile.

[2] Ocwen files this motion in an abundance of caution and to preserve its ability to assert applicable FRCP 12(b)(6) defenses.

[3] The Court may consider the Deed of Trust without converting this Motion into a motion for summary judgment because although Plaintiffs did not physically attach the document to the Complaint, "a district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998) (internal citations and quotations omitted).

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

assignment of the beneficial interest in the Deed of Trust as evidenced by that certain Assignment of Deed of Trust recorded in the Maricopa County Recorder's Office on February 17, 2009, at Document No. 2009-0131402.

3.  Ocwen is the current servicer of the Loan.

4.  Plaintiffs have not made a payment towards the Loan since October 2015.

5.  On or around November 29, 2016, Trustee Western Progressive -- Arizona, Inc. filed a Notice of Trustee's Sale for the Property. As of the filing of this Motion, the trustee's sale on the Property has not yet occurred.

6.  On April 26, 2017, Plaintiffs filed this complaint in the Superior Court for the State of Arizona, in and for the County of Maricopa, as Case No. CV2017-006789.

7.  On June 19, Ocwen removed the case to this Court. [D.E. # 2]

## II. **LEGAL STANDARD.**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (reversing denial of motion to dismiss)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citation omitted). A plaintiff cannot meet her burden simply by contending that she "might later establish some 'set of [undisclosed] facts' to support recovery." *Id*. at 561. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 664. It is not sufficient to merely establish a "sheer possibility" that the defendant has acted unlawfully. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (*quoting Twombly*, 550 U.S. at 557). To determine whether a complaint states a plausible

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

815822.2\0558551

claim for relief, the court must rely on its "judicial experience and common sense." *Id*. at 679.

In considering a motion to dismiss, "[t]he court need not . . . accept as true allegations that contradict matters properly subject to judicial notice, are conclusory or mere legal conclusions, or unwarranted deductions of fact or unreasonable inferences, or contradicted by documents referred to in the complaint, or are internally inconsistent." *Pesci v. I.R.S.*, 67 F. Supp. 2d 1189, 1191-92 (D. Nev. 1999) (internal citations omitted). Dismissal can be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted). Where there is an "obvious alternative explanation" for the conduct alleged, the complaint should be dismissed for failure to state a claim. *Iqbal*, 556 U.S. at 682.

### III. LEGAL ARGUMENT.

As an initial matter, Plaintiffs failed to properly serve Ocwen, and the complaint should be dismissed on this basis alone. Even without the improper service issue, the complaint fails for a variety of other reasons; namely, the complaint fails to state a claim on which relief may be granted, and the fraud-related claims do not comport with the elevated pleading standard under FRCP 9(b).

#### A. The Complaint Should Be Dismissed For Improper Service.

FRCP 4(c) states that "[a] summons must be served with a copy of the complaint." Plaintiffs failed to serve Ocwen with a summons in this case. For this reason, the complaint should be dismissed for improper service of process, pursuant to Rule 12(b)(5).

#### B. Many Of The Claims Are Barred By Various Statutes Of Limitations.

The vast majority of the allegations in the complaint relate to the origination of the loan over ten years ago in February 2007. Many of those claims are time barred by applicable statutes of limitations. For instance, the eighth cause of action asserts intentional misrepresentation. The statute of limitations for claims for intentional

4

815822.2\0558551

misrepresentation is three years. A.R.S. § 12-543(3) (establishing a three-year limit for "relief on the ground of fraud or mistake"). Because the alleged conduct giving rise to the claim occurred in February 2007, the claim for intentional misrepresentation is time barred.

Similarly, Plaintiffs' unjust enrichment claim is time-barred by a three year statute of limitations, their negligent misrepresentation claim is barred by a two-year statute of limitations, and their breach of the implied covenant of good faith and fair dealing claim is barred by a two year statute of limitations. *Ranch Realty, Inc. v. DC Ranch Realty, LLC*, 614 F. Supp. 2d 983, 990-991 (D. Ariz. 2007) (applying a three-year statute of limitations to an unjust enrichment claim); *Hullett v. Cousin*, 204 Ariz. 292, 297 (2003) ("The statute of limitations for a negligent misrepresentation claim is two years"); *Stratton v. Am. Med. Sec., Inc.,* 2008 WL 2039313, at *3 (applying a two year statute of limitations for breach of implied covenant of good faith and fair dealing).

Although Plaintiffs plead causes of action for "Reformation of Contract" and "Rescission of Contract," in reality, these claims are based on allegations of fraudulent conduct which are duplicative of the intentional misrepresentation claim. [Complaint, ¶ 21 ("Defendants knowingly concealed material facts and alternatively made false representations to Plaintiffs. . ."); ¶ 47 ("Defendants knowingly concealed material facts and alternatively made false representations to Plaintiffs")] Accordingly, these claims are subject to the same three year statute of limitations as the misrepresentation claim.[4]

Plaintiffs have not alleged any facts to support equitable tolling of the statutes of limitations. *See Porter v. Spader*, 225 Ariz. 424, 428, 239 P.3d 743, 747 (Ct. App. 2010) ("courts have recognized that, as a matter of equity, a defendant whose affirmative acts of fraud or concealment have misled a person from either recognizing a legal wrong or

---

[4] Even if treated as contract-based claims, the reformation and rescission causes of action would still be time barred by Arizona's six year statute of limitations for contracts in writing for debt. A.R.S. § 12-548.

5

815822.2\0558551

seeking timely legal redress may not be entitled to assert the protection of a statute of limitations"). Accordingly, the equitable tolling doctrine does not rescue any of the claims set forth above.

For the foregoing reasons, six of Plaintiffs' eight claims should be dismissed as time-barred.

### C. The Fraud-Based Claims Do Not Comply With FRCP Rule 9.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FRCP 9(b). This means that a plaintiff "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Beshears v. Provident Life & Accident Ins. Co.*, 2007 WL 1438738, *1 (D. Ariz. May 15, 2007) (dismissing fraud claim). "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

The fraud-based claims do not comport with the particularity requirement of FRCP 9(b). For instance, Plaintiffs assert that Ocwen "knowingly concealed material facts and alternatively made false representations to Plaintiffs by concealing the true value of the Subject Property . . ." [Complaint, ¶ 47] Plaintiffs do not allege the time, place, and specific content of the false representations, nor do they explain why the value of the Property provided by Ocwen was false, or even how Ocwen knew that this value was false. The fraud-based causes of action—counts two, six, seven, and eight—simply do not provide sufficient particularity to allow Ocwen to effectively respond. *See Hearn v. R.J. Reynolds Tobacco Co.*, 279 F. Supp. 2d 1096, 1113 (D. Ariz. 2003) ("[b]road claims without factual support fail to adequately give defendants notice of the particular misconduct alleged to constitute fraud and, consequently, fail to satisfy FRCP 9(b).")

For the foregoing reasons, Plaintiffs' fraud-based claims should be dismissed.

### D. No Cause Of Action States A Claim On Which Relief Can Be Granted.

6

Even without the statute of limitations and FRCP 9 issues, each of Plaintiffs' causes of action otherwise fail to state a claim on which relief can be granted.

First, in Arizona, there is no cause of action for injunctive relief. Rather, injunctive relief is a type of equitable remedy available under certain legal theories. *See City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, 187, 181 P.3d 219, 234 (Ct. App. 2008) ("An injunction is an equitable remedy . . . .") (internal quotations omitted). Because the Plaintiffs have failed to state a claim for relief under any of their various causes of action, Plaintiffs are not entitled to injunctive relief.

Second, Plaintiffs' promissory estoppel claim fails. To state a claim for promissory estoppel, Plaintiff must show that the Defendant (1) "made a promise," (2) "should have reasonably foreseen that [Plaintiff] would rely on that promise;" and (3) that Plaintiff "actually relied on the promise to his detriment." *Higginbottom v. State*, 203 Ariz. 139, 144, 51 P.3d 972, 977 (Ct. App. 2002) (citation omitted). The complaint does not state a claim on this cause of action because Plaintiffs do not allege that Ocwen made a promise. In the absence of a promise, there is no claim for promissory estoppel. *Killingsworth v. State Farm Mutual Auto Ins. Co.*, No. CV 03-1950 PHX NVW, 2005 WL 2450109, *5 (D. Ariz. Sept. 30, 2005) ("There having been no promise, [plaintiff] has no alternative claim for promissory estoppel"). The Complaint asserts that Ocwen "*misled Plaintiffs into believing* that they would not be eligible for any loan assistance unless Plaintiffs were delinquent in their monthly payments" and that Ocwen "*informed Plaintiffs* that they could not obtain any loan assistance unless they were delinquent in their payments." [Complaint, ¶¶ 11, 38 (emphasis added)] Neither of these statements suggest that Ocwen made an actual promise to Plaintiffs; accordingly, the promissory estoppel claim fails.

Even if the Court finds that Ocwen did make a promise, Plaintiffs do not allege sufficient detail regarding the substance of the alleged promise to state a claim for relief. The Complaint does not allege whether Ocwen made a promise to do anything more than

7

*consider* Plaintiffs for a loan modification. Nor does the complaint provide whether Ocwen's alleged "refus[al] to engage in meaningful loan assistance discussions" would constitute a breach of the alleged promise. Finally, the complaint does not indicate when the alleged promise was made, or by whom. In sum, the promissory estoppel claim does not set forth sufficient factual detail to support a plausible claim for relief.

In fact, each of the causes of action suffers from a similar defect. Rather than plead sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, the complaint is riddled with conclusory statements. [*e.g.*, Complaint, ¶¶ 21, 32, 43, 48, 51, 56, 63] As an example, in the third cause of action, Plaintiffs argue that Ocwen used a "false and/or inflated appraisal in order to legitimize an overvaluation of the Subject Property and its approval of a loan in excess of the Subject Property's value." [Complaint, ¶ 34] Plaintiffs do not offer any numbers, or otherwise provide any substance to support the claim that the Property was overvalued. Plaintiffs do not explain how Ocwen knew that the Property was overvalued. Based on the facts alleged, it is more plausible that the value of the Property simply changed over time, and not due to any nefarious acts by Ocwen.[5] *See Iqbal*, 556 U.S. at 682 (where there is an "obvious alternative explanation" for the conduct alleged, the complaint should be dismissed for failure to state a claim).

For the foregoing reasons, the Court should dismiss the complaint for failure to state a claim on which relief can be granted.

**IV.  RELIEF REQUESTED.**

Based on the foregoing, Ocwen respectfully requests that this Court dismiss Plaintiffs' Complaint and this action in its entirety for failure to state a claim on which relief can be granted, with prejudice.

---

[5] Especially given the timing of the Loan relative to the "Great Recession," beginning in late December 2007.

8

815822.2\0558551

1
2    DATED this 20th day of July, 2017.
                                          BRYAN CAVE LLP
3
4
                                          By:*s/Rachel E. Phillips*
5                                            Sean K. McElenney
                                             Rachel E. Phillips
6                                            Two North Central Avenue, Suite 2100
                                             Phoenix, Arizona  85004-4406
7                                            *Attorneys for Defendant*
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

9

815822.2\0558551

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2017, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing and mailed a copy to:

Richard Lowell Foster
Tina Lorraine Temper
16077 W. Yucatan Drive
Surprise, Arizona 85370

*In Pro Se*

*s/Cristina Daniels*

Bryan Cave LLP
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
(602) 364-7000

10

815822.2\0558551